Honorable John J. Blassie Representative, 98th District 4400 Oleatha St. Louis, Missouri 63116
Dear Representative Blassie:
This official opinion is issued in response to your request for a ruling. In your opinion request you ask:
 "Under Section 222.010 as stated give the definite interpretation that anyone convicted and sentenced to a life term for a felony, loses all civil rights, and in the case of a life term is considered civilly dead. My question, then, is what is the status of a marriage involving a prisoner serving a life term contracted during the period of his incarceration — is the marriage valid?
 "If such a marriage is legal, what steps should be taken by either of the participants to dissolve the marriage? Also, how can an official of the State permit such a marriage to be performed if it is in violation of Section 222.010?"
As is apparent from your opinion request, the answer depends upon an interpretation of Section 222.010, RSMo 1969. That statute reads as follows:
 "A sentence to imprisonment in an institution within the state department of corrections for a term less than life suspends all civil rights of the persons so sentenced during the term thereof, and forfeits all public offices and trusts, authority and power; and the person sentenced to imprisonment for life shall thereafter be deemed civilly dead."
Insofar as Section 222.010 purports to suspend the civil rights of a person sentenced to the Missouri Department of Corrections, it has been declared unconstitutional by the United States District Court for the Western District of Missouri inThompson, et al v. Bond, et al., No. 74 CV 91-C. This decision was filed October 15, 1976, and has not, at the time of the preparation of this opinion, been reported.
This federal court decision declares unconstitutional only those portions of the statute which suspend the civil rights of inmates serving a term of years and which declare that inmates serving life sentences are deemed civilly dead. The portion of the statute which requires forfeiture of public office and trust remains in effect.
Prior to the Thompson decision, a question existed as to whether an individual could validly enter into marriage while in the custody of the Missouri Department of Corrections. Section 222.010 does not cast any doubt on the validity of a marriage entered into before one or both of the spouses were sentenced to the Department of Corrections. Likewise, Section 222.010 never has been thought to raise a question as to the validity of a marriage entered into following the completion of the service of a sentence.
In any event, the decision of the three-judge panel inThompson removes whatever question may previously have existed because of the operation of Section 222.010 as to the validity of a marriage entered into by an individual while under sentence to the Department of Corrections. Marriages entered into by inmates under sentence, as long as they comply with the statutes regarding marriage (Chapter 451, RSMo 1969), are now as valid as any other marriage entered into in the State of Missouri. These marriages can be dissolved pursuant to the procedures for dissolving marriages found in Chapter 452, RSMo Supp. 1975.
CONCLUSION
Therefore, it is the opinion of this office that a marriage entered into by an inmate, while under sentence to the Missouri Department of Corrections, is valid if entered into pursuant to the law of Missouri, particularly Chapter 451, RSMo 1969, and may be dissolved in accordance with Chapter 452, RSMo Supp. 1975.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Preston Dean.
Very truly yours,
 JOHN C. DANFORTH Attorney General